### PARKS v. ROBINSON.

(Filed May 2, 1905.)

*Wills—Construction—Power of Disposal.*

1. Where a testator died, leaving a widow and minor children and by his will gave to his wife "during her natural life and at her disposal, all the rest, residue and remainder of his real and personal estate," held, that the wife was given an estate for life with a power to dispose of the property in fee.

CONTROVERSY without action by Mrs. Ann Parks against W. T. Robinson, heard by *Judge W. R. Allen* at the October Term, 1904, of the Superior Court of MECKLENBURG County.

This was a controversy submitted without action under section 567 of The Code. On the 30th day of June 1876 H. M. Parks duly executed his will, the material item of which is as follows: "After all my lawful debts are paid and discharged (if there be any) I give and bequeath to my beloved wife Ann Parks during her natural life and at her disposal all the rest residue and remainder of my real and personal estate." He appointed his said wife executrix and requested his friend, Wm. M. Parks, to assist her in the execution of his will. At the time of his death the testator was

seized and possessed of the land in controversy in fee simple together with other real and personal property. At the time of the execution of said will he had five children, all of whom were minors. On the —— day of July 1904, the plaintiff, widow of said testator, entered into a contract with the defendant whereby she contracted to sell and convey to him a portion of the real estate devised to her for the sum of $2,235, which he agreed to pay upon delivery to him of a good and sufficient deed in fee simple. Pursuant to said contract, she executed and tendered to the defendant, a deed sufficient in form to convey the said land, containing the following recital: "That whereas H. M. Parks, late of said county and State, by his last will and testament, dated the 30th day of June, 1876, duly admitted to probate by the clerk of Superior Court of said county, and of record in the office of said clerk in book of Wills M., page 377, did empower said party of the first part to dispose of all of his said real and personal estate, and whereas the land hereinafter described is a part of the real estate of said testator and the party of the first part deems it best to dispose of the same in order to make an equitable distribution of the proceeds to her children." The defendant refused to accept said deed whereupon the parties agreed to submit the question of its validity to the decision of the court. His Honor being of the opinion that by the will of H. M. Parks, the land in controversy is devised to the plaintiff for life with general power of disposition, adjudged that the deed was effectual to convey the land in fee simple to the defendant and that he pay the purchase money and accept the same in discharge of plaintiff's contract. The defendant excepted, assigning as error the ruling of the court that under the will of H. M. Parks, deceased, the land in controversy was devised to plaintiff with the general power of disposition. Defendant appealed.

*H. W. Harris* for the plaintiff.
*Clarkson & Duls* for the defendant.

CONNOR, J. after stating the case: This case was submitted upon very full and well considered briefs and oral argument by counsel for both sides by which we have been aided in coming to the conclusion that His Honor correctly construed the will of Mr. Parks. It was conceded that the contract made by the plaintiff, the specific performance of which is sought to be enforced, is fair and just to all parties and we think entirely consistent with the purpose and intent of the testator. The parties, however, very properly desire that any doubt in regard to the validity of the title conveyed by Mrs. Parks be removed by the decision of the court. We are not called upon to say whether Mrs. Parks takes a fee simple in the property. In construing similar language the Supreme Court of Massachusetts in *Cummings v. Shaw,* 108 Mass., 159, said: "This clause gives to the plaintiff either an estate in fee on the ground that power to convey an absolute estate is an attribute of ownership, and carries with it a fee, or it gives an estate for life, with power to convey an absolute estate; and upon either construction the plaintiff is able to convey to the defendant a fee simple and thus perform his contract. If a question had arisen as to the validity of a devise over, it might be important to determine whether the plaintiff took an estate for life or in fee, but it can not be so in this case." In that case the language was: "I give and bequeath * * * for and during his natural life, with right to dispose of the same as he shall think proper." The court held that the words "the right to dispose of the same" referred to the property itself, and not merely to the estate in it. We think this construction applicable to the language used by the testator in the case before us.

This court in *Troy v. Troy,* 60 N. C., 623, construing

language somewhat similar, said: "This is a power appurtenant to her life estate; and the estate which may be created by its exercise will take effect out of the life estate given to her, as well as out of the remainder. A power of this description is construed more favorably than a naked power given to a stranger, or a power appendant, because, as its exercise will be in derogation of the estate of the person to whom it is given, it is less apt to be resorted to injudiciously than one given to a stranger, or one which does not affect the estate of the person to whom it is given." In *Wright v. Westbrook*, 121 N. C., 156, this court held that where property was given to one during her natural life "with full power to dispose of the same" with the permission of her husband, a deed executed by husband and wife conveyed a good and indefeasible title. These decisions appear to be in harmony with those made by other courts. In *White v. White,* 21 Vt., 250, the estate was given to the wife "to have at her disposal during her natural life or so long as she remains my widow." This was construed to give her the power to dispose of the fee during her widowhood.

In *Underwood v. Cave,* 75 S. W., 455, the court construed a devise to one absolutely during her natural life to use and enjoy as she may see proper, as a life estate coupled with it the power of disposal in fee. The defendant's counsel cites 2 Underhill on Wills, Sec. 686, in which it is said: "If land be devised to a person expressly for life only, in certain and definite language, with a power of use or disposal, an estate for life only passes    *    *    *    and if the devisee dies without exercising the power, the reversion of the fee will descend to the heirs of the testator, or it will go to the devisee of the testator as a contingent remainder or executory devise if he has devised it over. In either event no estate in the land will pass under the power until it has been executed." This language in no way militates against the power of Mrs. Parks to convey the land. The author is discussing

the question whether a power of disposal carries the fee by implication which, as we have seen, does not arise in this case. The defendant also calls to our attention the case of *Smith v. Bell,* 6 Peters 68. In that case an estate was given for life with a power of disposition and a remainder over. The Supreme Court held that the power of disposal was restricted to the life estate. In *Gifford v. Choate,* 100 Mass., 340, *Hoar, J.* noticing *Smith v. Bell,* says: "The authority of *Smith v. Bell,* is somewhat impaired by the circumstances that no counsel were heard on behalf of the party against whom it was made, and the attention of the court does not seem to have been drawn to the authorities in favor of the opposite conclusion. But the decision is made to rest upon the fact that the remainder was the only substantial provision made by the will for the testator's only child and there were no words directly extending the wife's interest beyond her life." *Smith v. Bell* has been followed by the Supreme Court of the U. S. in *Brandt v. Coal Co.,* 93 U.S., 326; *Giles v. Little,* 104 U. S., 291.

We are of opinion that the more reasonable view, certainly where there is no limitation over, is found in the decisions of this and other courts which we have cited. Read in the light of the condition of the testator's family, he having five minor children, we think it clear that his purpose was to give to his wife an estate for life with a power to dispose of the property in fee in such manner as she should deem best for the rearing, education and settlement of her children. To restrict the power of disposal of her life estate would be to nullify its effect. She had such power incident to her life estate. To confine the power of disposal to such life estate would do violence to the rule of construction that every word used by the testator should be given force. We concur with counsel that "with such unlimited confidence in his wife, and such firm belief that she would be able to act more wisely than he could then direct, how can it be said that testator

138——18

used the words, 'at her disposal' in a restricted or limited sense? Under these circumstances, does not the presumption against intestacy, as to the reversion, become stronger and does not the rule for a liberal construction of these words favor an unlimited power of disposition?"

The judgment of His Honor must be
Affirmed.