E. R. CHEWNING v. F. C. MASON ET AL.

(Filed 3 April, 1912.)

1. Wills—Interpretation—Intent.

The intent of the testator, to be ascertained under the rules of construction, and gathered from the will construed as a whole, should be given effect.

2. Same—Powers of Disposition—Life Estates—General or Indefinite Estates.

A devise of all of the testator's real property to his wife, "during her natural life, and then to dispose of as she sees proper," does not, by the power of disposition, enlarge the estate devised

CHEWNING *v.* MASON.

to her into a fee simple, for the limitation of her estate for life shows the intent of the testator that only a life estate, and not the fee, was intended by the gift; and upon her failure to exercise the power of disposition, the estate will revert to the heirs at law of the husband. It is otherwise when an estate is devised generally or indefinitely, with a power of disposition.

3. Wills—Estates for Life—Powers of Disposition—Property—Mere Authority.

A devise for life with the power of disposition creates a life estate only, the power of disposition being a mere authority which can be exercised or not, in the discretion of the life tenant.

4. Wills — Estates — Power of Disposition — Exercise of Power — Donor.

One taking lands under a power of disposition given by will does not take from the one exercising the power, but from the testator or donor of the power.

5. Wills—Estates for Life—Power of Disposal—Interpretation of Statutes.

Revisal, sec. 3138, only establishes a rule between the heir and devise in respect to the beneficial interest of the latter, and does not affect the construction of a will devising a life estate in lands with the power of disposition.

APPEAL by defendant from *Whedbee, J.,* at March Term, 1912, of ANSON.

The facts are sufficiently stated in the opinion of the Court by *Walker, J.*

*Robinson & Caudle for plaintiff.*

*Gulledge & Boggan, F. J. Coxe, and W. E. Brock for defendant.*

WALKER, J. This is a controversy between the parties to this action, arising out of the following facts: Plaintiffs, who are the heirs of Thomas Chewning, claim that they are the owners of the tract of land, which is the subject of the controversy; and defendants, who are the heirs of Martha Chewning, dispute this claim and assert ownership in themselves. The land was owned by Thomas Chewning, who by his will devised it to his wife, Martha Chewning, in these words: "I give and bequeath (after all my just debts shall have been paid) all of my real

and personal property, together with all debts owing my estate, to my wife, Martha Chewning, during her natural life, and then to dispose of as she sees proper." If under this clause of the will Martha Chewning acquired a life estate only, with power of disposal, the plaintiffs are entitled to the land, as she failed to exercise the power; but if the grant of the power enlarged the estate for life, which is expressly given, into an estate in fee, then the defendants are the owners of the land. The court below was of opinion with the plaintiffs and rendered judgment accordingly, from which the defendants appealed.

There is a marked distinction between property and power. The estate devised to Mrs. Chewning is property, the power of disposal a mere authority which she could exercise or not, in her discretion. She had a general power annexed to the life estate, which she derived from the testator under the will. If she had exercised the power by selling the land, the title of the purchasers would have been derived, not from her, who merely executed the power, but from the testator or the donor of the power. "The appointer is merely an instrument; the appointee is in by the original deed. The appointee takes in the same manner as if his name had been inserted in the power, or as if the power and instrument executing the power had been expressed in that giving the power. He does not take from the donee, as his assignee." 2 Wash. R. P., 320; 1 Sugden on Powers (Ed. 1856), 242; 2 Sug. Pow., 22; *Doolittle v. Lewis,* 7 Johns Ch., 45. "In the execution of a power there is no contract between the donee of the power and the appointee. The donee is the mere instrument by which the estate is passed from the donor to the appointee, and when the appointment is made, the appointee at once takes the estate from the donor as if it had been conveyed directly to him." *Norfleet v. Hawkins,* 93 N. C., 392. It does not follow, because she could sell and convey the land under the power, that she thereby became the owner in fee. We must ascertain the intention of the testator, for that is the prevailing consideration and the supreme rule of interpretation, keeping in mind, of course, the rules of construction as our guide, and looking at the will in its entirety. If the testator, in this case, intended to devise the fee to his

wife, it is strange that he should have expressly and definitely limited the estate to one for her life. Naturally, he would have given it to her without restriction. The reasonable meaning of the clause is that she should have and enjoy the property for the term of her life, with a general power of appointment or disposal of the reversion by her will, or, at least, subject to her life estate, if she chose to exercise it, and the great weight of authority sustains this construction. The doctrine was clearly expressed by *Chancellor Kent:* "If an estate be given to a person generally or indefinitely, with a power of disposition, it carries a fee, unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion. In that case the express limitation for life will control the operation of the power, and prevent it from enlarging the estate to a fee." 4 Kent Com., 520, 521; *Jackson v. Robbins,* 16 Johns., 537.

It has been held that a devise to A, with power to dispose at pleasure, is considered as conveying *property,* not as conferring *power;* for the words of power will not be permitted to take away what, without them, is expressly given. 2 Prest. on Est., 81, 82; 13 Ves., 453. But where there is an express and inconsistent estate for life given, the construction of the instrument is altogether different; for the express estate for life negatives the intention to give the absolute property, and converts these words into words of mere power, which, standing alone, would have been construed to convey an interest. This appears to be very clearly established by the cases, which further lay it down that where an *interest,* and not a mere *power,* is conferred, the absolute property is vested, without any act on the part of the legatee; but where a power only is given, the power must be executed, or it will fail. We may, therefore, take the rule to be settled that where lands are devised to one generally, and to be at his disposal, this is a fee in the devisee; but where they are devised to one expressly for life, and afterwards to be at his disposal, only an estate for life passes to the devisee, with a bare power to dispose of the fee. Anonymous, 3 Leon., 71; *Leefe v. Saltingstone,* 1 Mod., 189; *Tomlinson v. Dighton,* Salk. 239 (*s. c.,* 1 Peere Wins., 149); *Burleigh v. Clough,* 52 N. H.,

267; *s. c.,* 13 Am. Rep., 23 (where many of the cases are collected and reviewed and there is a learned discussion of the question); *Stuart v. Walker,* 72 Maine, 145; *Collins v. Wickwire,* 162 (N. S.) Mass., 143; 31 Cyc., 1089; 22 A. and E. Enc. of Law, 1097; *Steiff v. Seibert,* 128 Iowa, 746 (6 L. R. A., 1186).

The text-writers thus state the general rule: "A devise of a life interest in express terms, coupled with a power in the life tenant to dispose of the fee simple in the property by his will, either absolutely and at his full discretion among a class of objects to be selected by him or among a class of objects pointed out by the testator, gives the first taker a life estate only, but with a power to appoint the fee simple by his will." 2 Underhill on Wills, sec. 688. "A general power of disposition includes a power to dispose of the property by deed or will, and practically clothes the donee with all functions of ownership. In view of this fact, it has occasionally been provided by statute, and a few courts have reached the conclusion, without the help of the Legislature, that the devisee of a life estate, with a general power of disposition, takes a fee simple, and that a limitation over is void. But, by the overwhelming weight of authority, no fee results from the union of the life estate and the power, but both remain distinct, and the limitation over is good unless defeated by the exercise of the power by the life tenant." Gardner on Wills, p. 476. This doctrine has been adopted and applied by this Court in several cases. It is stated in *Patrick v. Morehead,* 85 N. C., 62, to have been settled upon unquestionable authority that, if an estate be given by will to a person generally, with a power of disposition or appointment, it carries the fee, but if it be given to one for life only and there is annexed to it such a power, it does not enlarge his estate, but gives him only an estate for life. The case of *Long v. Waldraven,* 113 N. C., 337, seems to be directly in point. The property in that case was given to the testator's wife during her natural life, and after her death to be divided among the heirs of her brothers and sisters, except as to one-third thereof, which was left "at the disposal of his wife, to be left as she may will." The Court held that she acquired but an

estate for life, and "that an express estate for life to the wife, with a power to dispose of the fee, shall not turn her estate for life into a fee," citing *Sherer v. Sherer,* 1 Wash., 266 (1 Am. Dec., 460) ; *Bass v. Bass,* 78 N. C., 374; *Patrick v. Morehead, supra; The Church v. Disbrow,* 52 Penn. St., 219, and stating that the principal case should be added to the long line of those which established the same doctrine.  See, also, *Harrison v. Battle,* 21 N. C., 214; *Alexander v. Cunningham,* 27 N. C., 433; *Parks v. Robinson,* 138 N. C., 269; *Morgan v. Morgan,* 9 Am. and Eng. Anno. Cases, p. 943; *Mansfield v. Shelton,* 67 Conn., 390 (52 Am. St. Rep., 288).  Revisal, sec. 3138, manifestly has no application.  It appears in our case that the testator intended to pass an estate of less dignity than a fee. That section only establishes a rule between the heir and the devisee in respect to the beneficial interest of the latter.  *Alexander v. Cunningham,* 27 N. C., 430.

The case of *Herring v. Williams,* decided at the last term, *ante,* 1, did not involve the question now presented.  The question there was, whether there was a power of appointment or a power of disposal, while here the question is, the power being conceded, whether it enlarged the life estate into a fee.  In the *Herring case* the donee had sold and conveyed the land by deed, or attempted to do so, while in this case she failed altogether to exercise the power.  The reversion in the land belongs to the heirs of Thomas Chewning, and not to the heirs of the donee of the power, and the judgment of the court is, therefore, correct.

Affirmed.