ELIZABETH G. GRIFFIN v. C. E. AND T. A. COMMANDER.

(Filed 8 September, 1913.)

**Wills—Devises in Fee—Power of Disposition—Precatory Words.**

A devise to G., the widow of the testator, "with power to give and devise" the estate to their children and grandchildren, with the expression "that they are equally our own and well beloved by each of us, and she has the same right of distribution of our estate as I have, knowing no partiality or discrimination in the same": *Held*, G. took the estate in fee simple, there being no specific language limiting a life estate to her with power of disposition, the words annexed not restricting the estate devised, but being merely an expression of the testator's opinion that his wife had the same right as he of distribution and would impartially make it.

APPEAL by plaintiff from *Bragaw, J.,* at August Term, 1913, of PASQUOTANK.

*Ward & Thompson for plaintiff.*
*J. C. Brooks for defendants.*

CLARK, C. J.  This is a controversy, submitted without action, to determine whether or not the plaintiff can make a good and valid title to the defendants for certain real estate in Elizabeth City which she has contracted to convey to them.

W. W. Griffin died 1 October, 1897, owning said realty in fee and leaving his widow, who is the plaintiff, two children, N. R. Griffin and Blanche Temple, each of whom had living children, and seven grandchildren, who were the children of his deceased son, William J. Griffin.  In March, 1901, said widow and her son, N. R. Griffin, instituted a special proceeding against

GRIFFIN *v.* COMMANDER.

Blanche Temple and the seven children of W. J. Griffin, deceased, for sale of the premises for partition. Such sale was made and confirmed and a deed was made to the plaintiff as purchaser. In that proceeding the children of N. R. Griffin and Blanche Temple were not made parties, and this is now urged as a defect.

The effect of such partition proceedings need not be discussed, for we are of opinion that under the will of W. W. Griffin. the plaintiff took a fee simple in the *locus in quo* and has a right to convey a good and indefeasible title to the defendants, to whom she has contracted to sell the same.

W. W. Griffin by his will devised and bequeathed to his widow, the plaintiff, "Elizabeth G. Griffin, all the remainder of my estate, real and personal, with power to give and devise the same after her death, to our beloved children and grandchildren; that inasmuch as they are and should be our lawful heirs and that they are equally our own and well beloved by each of us, as their joint parents, she has the same right of distribution of our estate as I have, knowing no partiality nor discrimination in the same."

The rule governing this case is clearly stated in *Borden v. Downey,* 35 N. J. L., 77: "Where an estate for life is expressly given and a power of disposition is annexed to it, in such case the fee does not pass under such devise, but the naked power to dispose of the fee. It is otherwise in case there is a gift generally of the estate, with a power of disposition annexed. *In this latter case the property itself is transferred.*

In the will of W. W. Griffin there is no limitation for life, and the words annexed do not restrict it to a life estate, but are merely an expression of the opinion of the testator that his wife after his death should have complete right of distribution of said estate as fully as he had himself, and would exercise it impartially.

In *McKrow v. Painter,* 89 N. C., 437, the testator gave the property to his wife, "if she remains a widow; and if she marries, she is only to have a child's part . . . and I authorize my wife at her death to divide this property among our children as

she sees proper." The Court held that under the act of 1784, now Revisal, 3138, this language vested the absolute title in the wife of the testator, distinguishing *Alexander v. Cunningham,* 27 N. C., 430.

In *Parks v. Robinson,* 138 N. C., 269, it is held, citing 2 Underhill on Wills, sec. 686, that "A devise to a person for life only, with power of disposition, gives the devisee an estate for life with power to appoint in fee simple."

In *Jackson v. Robins,* 16 Johns. (N. Y.), 588, it is held to be settled law that "Where an estate is given to a person generally, or indefinitely, with power of disposition, it carries a fee, and the only exception to the rule is where the testator gives to the first taker an estate for life only by certain and express words and annexes thereto a power of disposal; in that special and particular case the devisee will not take the estate in fee." This case is cited and approved in *Bass v. Bass,* 78 N. C., 374, where it was held that a devise to the testator's wife of his property, "to be disposed of by will, or in any manner she may deem best," did not impose a limitation upon the gift, and that the words of appointment cannot be held to have such effect; and further, that where an estate is given to a person generally, with the power of disposal, it is in fee unless the testator gives to the first taker an estate for life only and annexes thereto a power to dispose of the reversion, citing 2 Jarman Wills, 171, note 2; Kent. Com., 349; Sugden on Powers, 96.

*Jackson v. Robins, supra,* is also cited with approval in *Patrick v. Morehead,* 85 N. C., 62, where it is laid down: "It has been settled upon unquestionable authority, that if an estate be given to a person generally, with the power of disposition or appointment, it carries the fee; but if it be given to one for life only, and there is annexed to it such a power, it does not enlarge the estate, but he has only an estate for life." *Bass v. Bass* and *Patrick v. Morehead,* both *supra,* are cited with approval in *Long v. Waldraven,* 113 N. C., 337.

The test in cases of this kind is whether the testator expressly limits the devise of the first taker to a life estate by specific language. No such specific language is used in this case. The

plaintiff took a fee simple, absolute, and the phrase, "with the power to devise after her death to our children and grandchildren," does not limit the prior fee-simple estate devised to her. Such words were mere surplusage, because the right to devise is incident to her fee simple. Indeed, the words, "She has the same right of distribution of our savings as I have," intimate a clear intention to devise the fee simple to her. In effect, he said that the property having been acquired by the toil of both of them, he intended that his wife after his death should have the same power of disposing and controlling such property and as fully as he had himself.

The judgment of the court below to the contrary of this opinion is

Reversed.