J. T. DARDEN v. DR. D. E. MATTHEWS.

(Filed 21 March, 1917.)

**1. Wills—Codicils—Interpretation.**

A codicil to a will is a part thereof, expressing the testator's afterthought or amended intention, and should be construed with the will itself as one instrument.

**2. Same—Estates—Powers of Sale.**

A devise of lands for life, with certain limitations, etc., by the will, and a codicil thereto confers upon the first taker "full power and authority to sell and convey" the same, and "to make title to the purchaser after my death." *Held,* the life estate is not enlarged by the codicil; but the life tenant is given authority to exercise the power to sell the lands, and upon his doing so he may convey the fee-simple title to the purchaser by a good and sufficient deed, but is only entitled to the value of his life estate out of the proceeds of sale.

CIVIL ACTION, tried before *Lyon, J.,* at February Term, 1917, of SAMPSON.

This is a controversy submitted without action.

Mary J. Darden, who was the owner of the land in controversy, died without issue, leaving a will, which has been duly probated and recorded, the material parts of which are as follows:

"Second. I give and devise and bequeath to my beloved husband, J. T. Darden, all of my real and personal property, of every kind and description, to have, possess, and use during his natural life, and upon his death all of said real and personal property shall go to my husband's brother, J. M. Darden, if he shall then be living, and upon his death, to my grandchild, Thomas Carr Hollingsworth, in fee simple forever; and if my husband, J. T. Darden, shall survive his brother, J. M. Darden, then upon the death of my husband, J. T. Darden, all of my real and personal property of every description, as aforesaid, shall go to and vest in my grandson, Thomas Carr Hollingsworth; and if my said grandson, Thomas Carr Hollingsworth, shall die without any issue of his body, said lands and property shall go to and vest in the children of Dr. J. H. Darden, namely, Henry Darden, Jimmie Darden, and Mary Bell, to be divided equally between them."

After the execution of said will she added a codicil thereto, which has been duly probated and recorded as a part of the will, in which there is the following provision:

"First. I give and confer upon my said husband, J. T. Darden, full power and authority to sell and convey any part of the foregoing property, and to make title to the purchaser after my death."

The said J. T. Darden has agreed to sell to the defendant all of the lands and premises belonging to the said Margaret J. Darden, situate in Sampson County, and set out in said will, for the sum of $5,200, and the defendant has agreed to purchase said premises and pay for the same at the price above named, provided the plaintiff has authority, under said will, to convey to him a good and indefeasible title to said lands.

In accordance with the contract and agreement referred to, the plaintiff has made, executed, and tendered to the defendant a deed to said lands in fee simple, with full covenants of warranty and seisin, and has demanded of the defendant the purchase price agreed upon.

The defendant has refused to accept said deed or to pay any part of the purchase price agreed upon until said title shall have been passed upon by the courts, the defendant claiming that under the last will and testament of Margaret J. Darden, hereinbefore referred to, the plaintiff is without power to convey said lands to him in fee simple, as he has attempted to do in the deed above referred to.

Judgment was rendered against the plaintiff, adjudging that he has no power to sell and convey said lands, and he excepted and appealed.

*Butler & Herring for plaintiff.*
*No counsel for defendant.*

ALLEN, J. A codicil is a part of a will, but with the peculiar function annexed of expressing the testator's afterthought or amended intention. It should be construed with the will itself, and the two should be dealt with as one instrument (1 Shouler Wills and Ex., sec. 487; *Green v. Lane*, 45 N. C., 113), and when so considered the land in controversy is devised to the plaintiff "during his natural life," with "full power and authority to sell and convey" it.

Language, annexed to a life estate, much less direct and explicit than that contained in the codicil, has been held to confer a general power of disposition.

In *Parks v. Robinson*, 138 N. C., 269, the devise was to the wife during her natural life and "at her disposal"; in *Chewning v. Mason*, 158 N. C., 578, to "Martha Chewning, during her natural life, and then to dispose of as she sees proper"; in *Satterthwaite v. Wilkinson*, at this term, p. 38, to George T. Tyson in fee, with a limitation over in the event of his death, leaving neither wife nor children, but should he live to be 21, "to be at his own disposal"; and in each it was held that the first taker had the power to sell and convey in fee.

We are, therefore, of opinion that the plaintiff can sell and convey the land in controversy in fee to the defendant; but it does not follow that he owns the land in fee.

The Court said in *Patrick v. Morehead*, 85 N. C., 65: "It has been settled upon unquestionable authority that if an estate be given by will to a person generally, with a power of disposition or appointment, it carries the fee; but if it be given to one for life only, and there is annexed to it such a power, it does not enlarge his estate, but gives him only an estate for life," and this was approved in *Chewning v. Mason*, 158 N. C., 580; *Griffin v. Commander*, 163 N. C., 232; *Fellowes v. Durfey*, 163 N. C., 311.

In *Chewning v. Mason, supra*, the distinction between property and the power to dispose of it, and the effect of annexing a power of disposition to a life estate, are stated as follows: "There is a marked distinction between property and power. The estate devised to Mrs. Chewning is property, the power of disposal a mere authority which she could exercise or not, in her discretion. She had a general power annexed to the life estate, which she derived from the testator under the will. If she had exercised the power by selling the land, the title of the purchasers would have been derived, not from her, who merely executed the power, but from the testator or the donor of the power, 'The appointer is merely an instrument; the appointee is in by the original deed. The appointee takes in the same manner as if his name had been inserted in the power, or as if the power and instrument executing the power had been expressed in that giving the power. He

does not take from the donee as his assignee, 2 Wash. R. P. 320; 1 Sugden on Powers, 242; 2 Sugden on Powers, 22; *Doolittle v. Lewis,* 7 Johns Ch., 45. In the execution of a power there is no contract between the donee of the power and the appointee. The donee is the mere instrument by which the estate is passed from the donor to the appointee, and when the appointment is made, the appointee at once takes the estate from the donor as if it had been conveyed directly to him.' *Norfleet v. Hawkins,* 93 N. C., 392. It does not follow, because she could sell and convey the land under the power, that she thereby became the owner in fee. . . . The doctrine was clearly expressed by *Chancellor Kent:* 'If an estate be given to a person generally or indefinitely, with a power of disposition, it carries a fee, unless the testator gives to the first taker an estate for life only and annexes to it a power of disposition of the reversion. In that case the express limitation for life will control the operation of the power and prevent it from enlarging the estate to a fee.' 4 Kent Com., 520; *Jackson v. Robins,* 16 Johns, 537."

It follows, therefore, that the plaintiff owns a life estate in the land in controversy, with the power to sell and convey, and that when he sells he is only entitled, out of the proceeds, to what belongs to him, the value of his life estate.

Reversed.