[L. A. No. 4543.  Department Two.—February 3, 1919.]

## W. K. STODDART, Respondent, v. JOHN GOLDEN et al., Appellants.

PROMISSORY NOTE—CONSTRUCTION OF—INTEREST.—Where a promissory note provided for payment in installments of "$1000 on or before October 27, 1912, with interest at the rate of 7% per annum, payable at maturity; the sum of $2000.00 on or before one year; the sum of $2000.00 on or before two years; the sum of $2200.00 on or before three years, with interest at the rate of 7% per annum, payable semi-annually," interest should be allowed on the whole sum, and the contention that the second and third installments were not to bear interest cannot be maintained.

ID.—PUNCTUATION.—Punctuation, at best a most fallible guide, is always subordinate to the text and is never allowed to control its meaning.

CONTRACTS—RULE OF CONSTRUCTION.—Where one construction would make a contract unusual and extraordinary, and another construction, equally consistent with the language employed, would make it reasonable, fair, and just, the latter construction must prevail.

APPEAL from a judgment of the Superior Court of Imperial County.  Franklin J. Cole, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Eshleman & Swing, for Appellants.

U. F. Lewis and Conkling & Brown, for Respondent.

LENNON, J.—This is an action to foreclose a mortgage securing a promissory note in words and figures as follows:

"$7200.00             Redlands, California, August 15, 1912.

"In installments, for value received, we, or either of us, promise to pay to W. K. Stoddart, or order, the sum of seventy-two hundred dollars ($7200.00), payable as follows: the sum of $1000.00 on or before October 27, 1912, with interest at the rate of 7% per annum, payable at maturity; the sum of $2000.00 on or before one year; the sum of $2000.00 on or before two years; the sum of $2200.00 on or before three years, with interest at the rate of 7% per annum, payable semi-annually.  Should the interest not be so paid it shall

become a part of the principal and thereafter bear like interest as the principal. Should default be made in the payment of any installment of interest when due, or in any installment of the principal when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of this note. Principal and interest payable in gold coin of the United States of the present standard. This note is secured by mortgage of even date.

> "JOHN GOLDEN.
> "ANNA GOLDEN."

The appeal is from a judgment in plaintiff's favor and comes here on the judgment-roll alone. The court, in its judgment, allowed interest on the entire sum, which is assigned as error. It is contended by counsel for appellants that the second and third installments mentioned in said note were not to bear any interest. Respondent contends that each of said installments bears interest from the date of the note at the rate of seven per cent per annum, payable semi-annually.

Although the note is awkwardly drawn, its sense in all respects is easy to determine. It is divided into four installments, the first one being for one thousand dollars, which fell due within a period of six months from the date of the note, and the interest at seven per cent per annum is provided to be paid at the maturity of this installment, which makes it apparent why interest was mentioned in connection with this installment separately. The three other installments, payable in one, two, and three years, naturally group themselves as the part of the loan for which interest was to be paid at the rate of seven per cent per annum, payable semi-annually. If, instead of the semicolons used in the note, commas had been used, we think there could not have been a suggestion that any of the installments were to run without interest, or, if the first semicolon had been used, and, in place of the second and third semicolons, commas, then we think no suggestion of the kind could be made. Aside from the mere matter of punctuation, there is not a circumstance suggested why the second and third installments should not bear interest. Punctuation, at best a most fallible guide, is always subordinate to the text and is never allowed to control its meaning.

(*Holmes* v. *Phenix Ins. Co.,* 98 Fed. 240, [39 C. C. A. 45, 47 L. R. A. 308].)  It would be doing violence to accepted rules of construction to uphold the contention that the parties by their agreement manifestly intended to exclude the installments in question from the payment of interest and intended that only the first and fourth installments should bear interest. A principle of construction well settled is that where one construction would make a contract unusual and extraordinary, and another construction, equally consistent with the language employed, would make it reasonable, fair, and just, the latter construction must prevail.  (*Stein* v. *Archibald,* 151 Cal. 220, [90 Pac. 536].)

The appeal is frivolous to the point of precluding the possibility of it having been taken in good faith or for any purpose save to delay the satisfaction of the judgment, and, therefore, in addition to affirming the judgment, it is ordered that the plaintiff have and recover from the defendants the sum of one hundred dollars damages because of the appeal.

The judgment is affirmed.

Wilbur, J., and Melvin, J., concurred.