SOPHIA HARDEE v. TOM RIVERS.

(Filed 15 October, 1947.)·

**1. Wills § 33a—**

A devise generally or indefinitely with power of disposition creates a fee. G. S., 31-38.

**2. Wills § 33f—**

A devise for life with power of disposition creates a life estate only, since the power of disposition does not enlarge the estate devised or convert it into a fee.

**3. Same—**

The donee of a power of disposition may exercise that power under the terms and within the limitations contained in the will, and when so exercised by deed sufficient in form and substance to convey the whole estate in the land therein described the grantee takes an indefeasible fee.

**4. Same—**

Testator devised his realty to his wife for life with power, in the event that the income therefrom was not sufficient for her proper support and maintenance, to sell any or all the real estate at any time she deemed necessary and use the proceeds thereof for her own necessary use and benefit. *Held:* Upon the occurrence of the conditions and within the limitations contained in the will for the exercise of the power, the wife can convey an indefeasible fee to the lands.

APPEAL by defendant from *Frizzelle, J.,* at September Term, 1947, of PITT. Affirmed.

Controversy without action to determine validity of title tendered by plaintiff under contract of purchase and sale.

On 29 July 1932 S. B. Hardee died testate, seized and possessed of real and personal property including the *locus.* He devised all his property, real and personal to his wife for and during her life with the remainder over to two named charitable institutions "subject to the following proviso:

"It is my will and desire that my said wife, Sophia Hardee, shall have the use and control of all my property so long as she shall live, and in the event that the income therefrom is not sufficient for the proper support and maintenance of my said wife, then she shall have the power and authority, in her discretion, at any time she deems necessary, to sell any or all of my real estate at either public or private sale and convey title in

fee simple to purchaser, and use the proceeds thereof for her own personal necessary use and benefit, and in such event she shall not be required to have the consent or approval of the said Trustee of either of the Odd Fellows Orphan Home at Goldsboro or the Free Will Baptist Orphan Home at Middlesex for such sale, and in case of sale shall not be required to give bond to account for the proceeds thereof, it being my desire and purpose that my wife shall be amply provided for during her lifetime, and if necessary she is authorized to use all of my estate for her own personal use and benefit, so long as she may live, but any part of my estate not used by her during her lifetime, shall at her death, as above provided, go one-half to the Trustees of the Odd Fellows Orphan Home at Goldsboro, N. C., and the other half to the Trustees of the Free Will Baptist Orphan Home in Middlesex, N. C., to be applied and added to the endowment funds of said institutions."

Plaintiff contracted to sell and defendant contracted to purchase the tract of land described in the record which is a part of the property devised by said will. Pursuant to said contract plaintiff has tendered defendant a deed which recites the power contained in said will and conveys or purports to convey said premises to defendant in fee. While defendant stands ready to accept a conveyance of an indefeasible fee in said property and to pay therefor, he declines to accept the deed tendered for that plaintiff is seized and possessed of a life estate only in said land and is without power under the terms of said will to convey an indefeasible fee.

It is admitted in this connection that the income from the estate is not sufficient for the proper support and maintenance of plaintiff, and it has become necessary for her in her discretion to sell some part thereof.

The parties submitted this controversy to the end the Court may decide whether the tendered deed conveys an indefeasible fee and defendant is under the legal duty to accept same and pay the agreed purchase price therefor.

The court below being of the opinion that the will of S. B. Hardee vests plaintiff with full power and authority "in her discretion, at any time she deems necessary, to sell any or all of said real estate at either public or private sale and convey title in fee simple to the purchaser" decreed specific performance of the contract. Defendant excepted and appealed.

*J. W. H. Roberts for plaintiff appellee.*
*Albion Dunn for defendant appellant.*

BARNHILL, J.   A devise generally or indefinitely with power of disposition creates a fee. G. S., 31-38; *Patrick v. Morehead,* 85 N. C., 62;

*Herring v. Williams,* 158 N. C., 1, 73 S. E., 218; *Darden v. Matthews,* 173 N. C., 186, 91 S. E., 835; *Carroll v. Herring,* 180 N. C., 369, 104 S. E., 892; *Weaver v. Kirby,* 186 N. C., 387, 119 S. E., 564; *Roane v. Robinson,* 189 N. C., 628, 127 S. E., 626. But a devise for life with power of disposition creates a life estate only. *Troy v. Troy,* 60 N. C., 624; *Chewning v. Mason,* 158 N. C., 578, 74 S. E., 357; *Tillett v. Nixon,* 180 N. C., 195, 104 S. E., 352; *Alexander v. Alexander,* 210 N. C., 281, 186 S. E., 319. The estate devised being specifically limited to the life of the devisee, the power of disposition does not enlarge the estate devised or convert it into a fee. *Carroll v. Herring, supra; Roane v. Robinson, supra; Helms v. Collins,* 200 N. C., 89, 156 S. E., 152. One is property, the other is power. Neither limits or enlarges the other.

Even so, the donee of the power to convey may exercise that power under the terms and within the limitations contained in the will and when so exercised by deed sufficient in form and substance to convey the whole estate in the land therein described the grantee takes an indefeasible fee. *Troy v. Troy, supra; Norfleet v. Hawkins,* 93 N. C., 392; *Griffin v. Commander,* 163 N. C., 230, 79 S. E., 499; *Darden v. Matthews, supra; Tillett v. Nixon, supra; Hood, Comr. of Banks, v. Theatres, Inc.,* 210 N. C., 346, 186 S. E., 345.

"The donee is the mere instrument by which the estate is passed from the donor (devisor) to the appointee, and when the appointment is made the appointee at once takes the estate from the donor as if it had been conveyed directly to him." *Norfleet v. Hawkins, supra.* A deed executed by the donee of the power "will vest in the purchaser an estate in fee simple, and he will not be bound to see to the application of the purchase money." *Troy v. Troy, supra; White v. White,* 189 N. C., 236, 126 S. E., 612. It follows that the deed tendered by plaintiff conveys an indefeasible fee and defendant under his contract is bound to accept the same and pay the agreed purchase price. Hence the judgment below is

Affirmed.