SALLIE E. VONCANNON AND JASON VONCANNON, HER HUSBAND, FLADA
S. CRANFORD AND FRED CRANFORD, HER HUSBAND, JESSIE S. DAW-
SON AND E. H. DAWSON, HER HUSBAND, MARY S. HANCOCK AND
GEORGE D. HANCOCK, HER HUSBAND, GENEVIEVE S. SEAWELL AND
ARTHUR SEAWELL, HER HUSBAND, A. HOWARD SMITH AND ANNIE
LEE K. SMITH, HIS WIFE, AND W. C. YORK, AS EXECUTOR OF THE LAST
WILL AND TESTAMENT OF A. H. SMITH, DECEASED, v. HUDSON BELK
COMPANY OF ASHEBORO, N. C., INC.

(Filed 6 January, 1953.)

**1. Wills § 31—**

The intent of testator as gathered from the four corners of the instru-
ment is the polar star in the interpretation of a will, and such intent will
be given effect unless contrary to some rule of law or at variance with
public policy.

**2. Same—**

In construing a will to effectuate the intent of testator, apparent repug-
nancies should be reconciled and effect given to every clause or phrase or
word, whenever possible, and to this end the court may transpose words,
phrases or clauses, supply or disregard punctuation, or even supply words,
phrases or clauses when necessary to effectuate the manifest intent.

**3. Wills § 33f—**

Testator devised to his wife the tract of land in question and by follow-
ing sentence stated "For the remainder of her natural life and then at her
death to be disposed of according to her wishes." *Held:* The will devised
only a life estate to the widow, and the general power of disposition did
not enlarge it into a fee.

**4. Same—**

A devisee of a life estate with general power of disposition not coupled
with any trust or beneficial interest to others, has the option to exercise
the power or not, and upon her failure to exercise the power, the lands will
descend at her death to the heirs at law of testator.

**5. Same—**

A devisee of a life estate with power of disposition not coupled with any
trust or beneficial interest to others may release or extinguish the right to
exercise the power of appointment, and the execution and delivery of a
warranty deed by her constitutes an estoppel and precludes her from
thereafter exercising such power.

**6. Same—**

Where the widow having a life estate with power of disposition not
coupled with any trust or beneficial interest to others, together with the
heirs at law of testator, executes a warranty deed to the property, the deed
is sufficient to convey the fee simple title thereto.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Hatch, Special Judge,* October Term, 1952, of RANDOLPH.

This is a controversy without action upon an agreed statement of facts, the pertinent parts of which are as follows:

1. A. H. Smith, a citizen and resident of Randolph County, North Carolina, died on 24 February, 1933, leaving a last will and testament which has been duly filed and probated in the office of the Clerk of the Superior Court in the aforesaid county.

2. W. C. York, the executor named in the last will and testament of A. H. Smith, qualified as such on 28 February, 1933, and duly administered the estate and filed his final account on 25 May, 1934.

3. Upon his death, A. H. Smith left him surviving Sallie E. Smith, his widow (who has since married one Jason Voncannon), and five children, his only heirs at law, to wit: Flada S. Cranford, Jessie S. Dawson, Mary S. Hancock, Genevieve S. Seawell, and A. Howard Smith, who, with their respective spouses, are plaintiffs herein.

4. The property which is the subject matter of this controversy is the land devised in Item Two of the last will and testament of A. H. Smith, deceased, which reads as follows:

"I give and devise to my beloved wife Sallie Smith the tract of land on which I now reside, containing house and two lots on Church Street in the town of Asheboro. For the remainder of her natural life and then at her death to be disposed of according to her wishes."

5. No disposition of said land was made in connection with the administration and settlement of the said testator's estate; nor has anything been done by the parties interested whereby their respective rights have been alienated or altered.

6. On 17 October, 1952, all the plaintiffs, except W. C. York, executor, entered into a written agreement in which they agreed to sell to the defendant the above devised property for a consideration of $16,500. A warranty deed was duly executed by the plaintiffs, including W. C. York, executor of the last will and testament of A. H. Smith, deceased, and tendered to the defendant. The defendant refused to accept the deed on the ground that such instrument would not vest in it a fee simple title to the land described therein.

At the hearing below his Honor held that the deed tendered by the plaintiffs to the defendant would vest in the defendant a fee simple title to the land described therein and entered judgment for specific performance in accord with the terms of the aforesaid contract. The defendant appeals and assigns error.

*H. M. Robins for defendant, appellant.*
*Miller & Moser for plaintiffs, appellees.*

DENNY, J.   The intent of the testator is the polar star that must guide the courts in the interpretation of a will.   *Coppedge v. Coppedge,* 234 N.C. 173, 66 S.E. 2d 777; *Buffaloe v. Blalock,* 232 N.C. 105, 59 S.E. 2d 625; *Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17; *Holland v. Smith,* 224 N.C. 255, 29 S.E. 2d 888.   This intent is to be gathered from a consideration of the will from its four corners, and such intent should be given effect unless contrary to some rule of law or at variance with public policy.   *House v. House,* 231 N.C. 218, 56 S.E. 2d 695; *Williams v. Rand,* 223 N.C. 734, 28 S.E. 2d 247; *Heyer v. Bulluck,* 210 N.C. 321, 186 S.E. 356.

In construing a will, the entire instrument should be considered; clauses apparently repugnant should be reconciled; and effect given where possible to every clause or phrase and to every word.   *Williams v. Rand, supra; Lee v. Lee,* 216 N.C. 349, 4 S.E. 2d 880; *Bell v. Thurston,* 214 N.C. 231, 199 S.E. 93; *West v. Murphy,* 197 N.C. 488, 149 S.E. 731; *Roberts v. Saunders,* 192 N.C. 191, 134 S.E. 451; *Snow v. Boylston,* 185 N.C. 321, 117 S.E. 14; *Hinson v. Hinson,* 176 N.C. 613, 97 S.E. 465; *Bowden v. Lynch,* 173 N.C. 203, 91 S.E. 957.

It is permissible in order to effectuate a testator's intent or to ascertain his intention, for the court to transpose words, phrases or clauses.   *Heyer v. Bulluck, supra; Washburn v. Biggerstaff,* 195 N.C. 624, 143 S.E. 210; *Gordon v. Ehringhaus,* 190 N.C. 147, 129 S.E. 187; *Crouse v. Barham,* 174 N.C. 460, 93 S.E. 979; *Baker v. Pender,* 50 N.C. 351.

Likewise, to effectuate the intent of the testator, the court may disregard or supply punctuation.   *Carroll v. Herring,* 180 N.C. 369, 104 S.E. 892; *Bunn v. Wells,* 94 N.C. 67; *Stoddart v. Golden,* 179 Cal. 663, 178 P. 707, 3 A.L.R. 1060.   Even words, phrases and clauses will be supplied in the construction of a will when the sense of the phrase or clause in question, as collected from the context, manifestly requires it.   *Washburn v. Biggerstaff, supra; Gordon v. Ehringhaus, supra.*

In applying the above rules of construction, we hold that it was the intention of the testator, A. H. Smith, to give his widow, Sallie Smith (now Mrs. Voncannon), a life estate only in the property devised to her with power to dispose of it at her death according to her wishes.

The grant of the power to dispose of the property at her death according to her wishes, being annexed to a life estate, did not enlarge her estate so as to give her a fee in the premises.   *Hardee v. Rivers,* 228 N.C. 66, 44 S.E. 2d 476; *Holland v. Smith, supra; Smith v. Mears,* 218 N.C. 193, 10 S.E. 2d 659; *Brinn v. Brinn,* 213 N.C. 282, 195 S.E. 793; *Hampton v. West,* 212 N.C. 315, 193 S.E. 290; *Helms v. Collins,* 200 N.C. 89, 156 S.E. 152; *Cagle v. Hampton,* 196 N.C. 470, 146 S.E. 88; *White v. White,* 189 N.C. 236, 126 S.E. 612; *Tillett v. Nixon,* 180 N.C. 195, 104 S.E. 352; *Darden v. Matthews,* 173 N.C. 186, 91 S.E. 835; *Fellowes v. Durfey,*

163 N.C. 305, 79 S.E. 621; *Griffin v. Commander,* 163 N.C. 230, 79 S.E. 499; *Herring v. Williams,* 153 N.C. 231, 69 S.E. 140; *Parks v. Robinson,* 138 N.C. 269, 50 S.E. 649; *Long v. Waldraven,* 113 N.C. 337, 18 S.E. 251.

In the case of *Chewning v. Mason,* 158 N.C. 578, 74 S.E. 357, the devise was in the following language: "I give and bequeath (after all my just debts shall have been paid) all of my real and personal property, together with all debts owing my estate, to my wife, Martha Chewning, during her natural life, and then to dispose of as she sees proper." The donee never exercised the power of disposal. Even so, her heirs contended that she took a fee under the will. The trial court held otherwise and gave judgment in favor of the heirs of the testator. This Court affirmed the judgment. *Walker, J.,* in speaking for the Court, said: "There is a marked distinction between property and power. The estate devised to Mrs. Chewning is property, the power of disposal a mere authority which she could exercise or not, in her discretion. She had a general power annexed to the life estate, which she derived from the testator under the will. If she had exercised the power by selling the land, the title of the purchasers would have been derived, not from her, who merely executed the power, but from the testator or the donor of the power. . . . Where an *interest,* and not a mere *power,* is conferred, the absolute property is vested, without any act on the part of the legatee; but where a power only is given, the power must be executed, or it will fail. We may, therefore, take the rule to be settled that where lands are devised to one generally, and to be at his disposal, this is a fee in the devisee; but where they are devised to one expressly for life, and afterwards to be at his disposal, only an estate for life passes to the devisee, with a bare power to dispose of the fee."

The real question, therefore, for determination on this appeal is whether or not the donee of the power given in the testator's will may with the joinder of all the heirs at law of the testator and their spouses, give a deed in fee simple to the devised premises. Certainly the widow has the power to execute a good and indefeasible title to her life estate. But, it is optional with her as to whether or not she will exercise the power to dispose of the fee. If she elects not to exercise the power of disposition, the remainder, in the absence of any conveyance thereto, would, upon the death of the life tenant, become vested in fee simple in the heirs at law of the testator. *Chewning v. Mason, supra.*

It is said in 72 C.J.S., Powers, section 19, page 411, "A general beneficial power may always be surrendered by the grantee or donee and thus extinguished, provided the donor's intention is not thereby frustrated; thus, when a power is one which the donee may exercise for his own benefit, it may be extinguished by his act. Even a special power, when

not coupled with a trust, may be surrendered, renounced, or released and thereby extinguished.

"Any dealing by the donee of an extinguishable power with the property forming its subject matter which is inconsistent with the exercise of the power, puts an end to it but such donee may absolutely alienate his estate in the property without extinguishing the power, if it can thereafter be exercised without derogation of the alienee's estate."

Likewise, we find in 41 Am. Jur., Powers, section 96, p. 875, *et seq.,* the following statement with respect to the extinguishment of powers: "A general power to appoint by will may be released and extinguished by the donee's deed. It has been said that if the donee of a general power may appoint to his own estate or to anyone in the world, no individual is wronged by what he may do, and, therefore, no individual has a right to complain." This same authority states in the succeeding section, p. 876, "A release or extinguishment of a releasable power of appointment may take any form. It may be by a contract or by deed, or it may be implied from a covenant of general warranty. A release of a power of appointment may be effected either by express covenant or instrument of release, or by some act of the donee which is inconsistent with the subsequent exercise of the power. A releasable power of appointment may be released or extinguished by an agreement not to appoint. . . . Moreover, any conduct of a donee of a general power, which in good faith precludes him from making a voluntary appointment under the power, operates as an estoppel, and any dealing with the estate by the donee inconsistent with the exercise of the power by which the rights of others are affected, terminates the power . . ."

In the case of *Langley v. Conlan,* 212 Mass. 135, Ann. Cases 1913C, page 421, where lands had been devised to the daughter, coupled with power of appointment by will, and the daughter executed a mortgage on the premises and subsequently exercised the power of appointment, the court held that she was estopped by her conduct from exercising the power and that her appointees took nothing thereunder. And our Court in *Tillett v. Nixon, supra,* cited with approval the following statement from the *Langley* opinion: "It is only consonant with principles of fair dealing and common sense that any conduct of the donee of a power which in good faith precludes him from making an appointment should have the effect of an estoppel. Any dealing with the estate by the donee of the power inconsistent with its exercise by which the rights of others are affected puts an end to the power."

In the instant case, A. H. Smith, the testator, created a life estate in the devised premises for the benefit of his widow.. He made no disposition of the property in the event of her failure to exercise the power of appointment; he died intestate to that extent. Hence, the property

McLANEY v. MOTOR FREIGHT, INC.

vested in his heirs at law, subject to the widow's life estate, and subject to be divested by the exercise of the power of appointment by the widow. *Tillett v. Nixon, supra.*

The holder of the life estate, under these circumstances, could dispose of such estate without impairing her right to exercise the power of appointment.. And, likewise, since there is no trust or beneficial interest coupled with the power to be exercised for the benefit of the remaindermen or anyone else, she may release or extinguish her right to exercise the power of appointment. *Langley v. Conlan, supra.* Therefore, we hold that the execution and delivery of a warranty deed by the life tenant (Mrs. Voncannon, the donee of the power of appointment), will constitute an estoppel and preclude her from passing any interest in the devised premises under such power. Consequently, the deed tendered to the defendant is sufficient to convey an absolute fee simple title to the premises described therein.

The judgment of the court below is
Affirmed.

PARKER, J., took no part in the consideration or decision of this case.