IN RE: THE LAST WILL AND TESTAMENT OF EMILY WARD GRADY

No. 767SC897

(Filed 15 June 1977)

1. Wills § 28— construction — intent of testator

As a general rule in construing wills courts will try to determine and conform to the testatrix's intentions, and the intent will be gleaned from the four corners of the will and will be given effect unless that intent is contrary to some rule of law or at variance with public policy.

2. Wills § 28— interpreting particular words — rules of construction

In interpreting particular words in wills, technical words are presumed to have been used in their technical sense; however, where there is evidence of a contrary intent in the will, even technical words will be construed to mean what the testator intended them to mean

despite the fact that identical words have received a contrary construction in other cases.

**3. Wills § 28— devise to applicant's estate — meaning of "estate"**

Where deceased's will provided that certain property should go to applicant "for her lifetime only" and that "at her death it is to go to her estate in Fee Simple," "estate" meant that aggregate of property which applicant might leave at her death, or the property belonging to the applicant which would be administered by the courts upon her decease.

**4. Wills § 33— property to go to devisee for life and then to estate in fee simple — Rule in Shelley's Case — fee simple to devisee** .

Where the will of testatrix devised a house and lot to the applicant for her lifetime only and provided further that "at her death it is to go to her estate in Fee Simple," it is unnecessary to determine whether the devise to applicant's estate granted a testamentary power of appointment or a limitation to applicant's heirs, since, in either case, the Rule in Shelley's Case would apply to convert applicant's. life estate and the remainder to her heirs into a fee simple estate in the applicant, enabling applicant presently to convey fee simple title.

APPEAL by applicant from *Tillery, Judge.* Judgment entered 2 September 1976 in Superior Court, WILSON County. Heard in the Court of Appeals 11 May 1977.

On or about 7 December 1973 Emily Ward Grady died testate in Wilson County. In her will, which was admitted to probate on 13 December 1973, the deceased devised to Cynthia Ward Grady, her only child and applicant herein, certain real property. The particular devise read as follows: "My house and lot on West End Ave., Wilson, N. C., I would like to give to Cindy for her lifetime only. This is to provide a place she can call home. I ask that she keep up the property's appearance in keeping with the community. At her death it is to go to her estate in Fee Simple."

At sometime during 1975 applicant decided to sell the West End Avenue property. Donald Barnes, the prospective purchaser, refused to consummate the transaction on the grounds that Cynthia could not transfer fee simple title to the property.

Pursuant to G.S. 1-253 the applicant instituted proceedings to clear her title by applying for a declaration of her rights under the deceased's last will and testament. The cause was heard in superior court before Judge Tillery, who adjudged that the deceased's will passed only a life estate to the applicant and did not pass fee simple title.

In re Grady

*H. Bruce Hulse and Duke & Brown, by J. Thomas Brown, Jr., for the applicant.*

BROCK, Chief Judge.

Except for the last sentence thereof, the wording of the devise clearly gives applicant a life estate in the West End Avenue property. The questions before this Court are whether that interest is enlarged by the language of the last sentence passing the property to applicant's "estate" in fee simple at her death. And if it is enlarged, is it so enlarged as to enable applicant to convey a fee simple title?

[1]   As a general rule in construing wills, courts will try to determine and conform to the testatrix's intentions. The intent will be gleaned from the four corners of the will and will be given effect unless that intent is contrary to some rule of law or at variance with public policy. *House v. House,* 231 N.C. 218, 56 S.E. 2d 695 (1949). The provision in question states: "At her [applicant's] death it is to go to her [applicant's] estate in fee simple." From this disposition one intention is clear. The testatrix intended to and did in fact permanently pass the house and lot out of testatrix's estate. The provision establishes that no reversionary interest back to testatrix's estate at the applicant's death was intended.

[2]   The question remaining is what interest, if any, was given to the applicant by the devise of the property to applicant's "estate in fee simple" at the termination of her life estate. To answer the question, the meaning of the word "estate" as used in the devise must be determined. Each word used by a testator presumably has some meaning. *In Re Wilson's Will,* 260 N.C. 482, 133 S.E. 2d 189 (1963). In interpreting particular words, technical words are presumed to have been used in their technical sense. However, where there is evidence of a contrary intent in the will, even technical words will be construed to mean what the testator intended them to mean despite the fact that identical words have received a contrary construction in other cases. *Clark v. Connor,* 253 N.C. 515, 117 S.E. 2d 465 (1960).

[3]   The word "estate" has more than one meaning and is susceptible to more than one construction. "Its legal signification must be ascertained from the context, or an examination of all the provisions of the instrument in which it appears." *Reid v. Neal,* 182 N.C. 192, 199, 108 S.E. 769, 772 (1921). In the pres-

ent case the use of the word "estate" is in a context which indicates that the testatrix intended that, after applicant's life estate, the house and lot were to devolve as any other property applicant might have at her death. In other words, "estate" means that aggregate of property which applicant might leave at her death, *Reid v. Neal, supra,* or the property belonging to the applicant which would be administered by the courts upon her decease. 28 Am. Jur. 2d, Estates, § 1, p. 70.

[4] Interpreting the provision in this manner, one of two alternative dispositions of the property at applicant's death may have been intended. First, applicant has only a life estate while she lives. But since the property is to be considered hers at her death, the testatrix has, by implication, given the applicant (testatrix's only child) an unrestricted power to dispose of the property by will. A power may be created by express words or by implication of law, and no technical language need be used. *Powell v. Woodcock,* 149 N.C. 235, 62 S.E. 1071 (1908). In the event applicant failed to dispose of the property by will, it would pass to applicant's heirs by descent under the laws of intestate succession. Secondly, by passing the house and lot to applicant's estate, the testatrix may not have intended to let applicant dispose of the property as she wished by will. Testatrix may have intended disposition of the property to remain in the family by descent to applicant's heirs under the laws of intestate succession. We need not, nor do we, decide whether the devise to applicant's estate granted a testamentary power of appointment or a limitation to applicant's heirs. Under either circumstance the outcome of this case is the same.

Construing the provision in the will *as granting to the applicant a power to appoint by will,* the next level of examination concerns the consequences of applicant's attempt to convey the property by deed. A devisee of a life interest with a testamentary power of disposition not coupled with any trust or beneficial interest to others may release or extinguish the right to exercise the power, and the execution and delivery to another of a warranty deed by the devisee constitutes an estoppel and precludes him from exercising such power. *Voncannon v. Hudson Belk Co.,* 236 N.C. 709, 73 S.E. 2d 875 (1953). Thus the applicant in this case can release her testamentary power or be estopped from exercising it by an *inter vivos* conveyance of the property to another.

In re Grady

A comparison of *Voncannon v. Hudson Belk Co., supra,* with the present case is instructive. In *Voncannon* the testator devised his wife realty "for the remainder of her natural life and then at her death to be disposed of according to her wishes." The Supreme Court construed the devise to be a life estate with a power of disposition in the wife. There was no gift over in case the devisee failed to exercise the power. Thus, upon failure to exercise the power, the property reverted to the testator's estate, there to pass to his heirs by intestate succession. The wife sold the property. The testator's heirs joined with her in the deed. The Court held that the deed passed good fee simple title in that the wife transferred her life interest, the heirs transferred the remainder in fee, and by executing the deed, the wife released her power to dispose of the property by will.

The present case would be governed by *Voncannon* if there were a reversionary interest to the testatrix's estate, and under *Voncannon* applicant could pass clear title. This is so because applicant is the heir of the testatrix who would take by intestacy. Thus, by releasing her testamentary power by deed, the remainder in fee would vest in her, and her life estate would merge therein. However, the testatrix's devise to applicant in this case is such that there is no reversionary interest. If the property is not disposed by applicant's will, it passes to her heirs under the laws governing intestacy.

At this point it is relevant to consider the Rule in Shelley's Case. The rule applies to an instrument which conveys a life estate to a person with a remainder to his heirs. The word "heirs" means those persons who would take the property on the death of their ancestor intestate. Any remainder found to have this meaning, whether the word "heirs" is used or not, calls for an application of the rule. *Nobles v. Nobles,* 177 N.C. 243, 98 S.E. 715 (1919). Absent an exercise of a testamentary power in the present case, the provision "to her estate in fee simple" would leave a remainder to applicant's heirs—those who would take her property by descent on the death of the applicant intestate. By executing a deed, the applicant would release her testamentary power so as to estop her from ever exercising it. Such a deed from her would convey fee simple title because, with the testamentary power released, the Rule in Shelley's Case operates to convert her life estate and the remainder in

her heirs to a fee simple estate in her. *In Re Wilson's Will,* *supra.*

Construing the provision "to her estate" *as excluding a power to appoint by will,* the devise still places the house and lot in the aggregate of applicant's property that would be administered by the courts. Under this construction the testatrix has created a remainder in applicant's heirs because any property of a decedent that does not pass by will descends under the laws of intestate succession. For the same reasons as stated above, the Rule in Shelley's Case would apply under this construction to convert applicant's life estate and the remainder to her heirs into a fee simple estate in the applicant, enabling applicant presently to convey fee simple title.

Under this particular set of facts and circumstances and under either construction of "to her estate," applicant has the present ability to convey the house and lot in fee simple.

The judgment is reversed, and the case is remanded for further appropriate proceedings.

Reversed and remanded.

Judges HEDRICK and MARTIN concur.