J. M. LONG, Executor of JOHN B. DOUB, v. MARTHA S. WALD-
RAVEN et al.

*Will—Devise—Life-estate—Power of Disposal of Fee.*

1. Where an estate is given for life only, with a power of disposition or
   to appoint the fee by deed or will, the devisee takes only an estate
   for life, unless there be some manifest and general intent of the
   testator which would be defeated by adhering to the particular
   intent; therefore,

2. Where a testator, in one item of his will, directed that all of his estate,
   real and personal, should be given to his wife during her natural
   life, and in a subsequent item declared "It is my will that, after
   the death of my wife, my estate shall be equally divided between
   the heirs of my brothers and sisters, with the exception of one-third
   of my estate, which I leave at the disposal of my wife, to be left as
   she may will": *Held*, that the wife was entitled to an estate for
   life in all the property, and to dispose of one-third of it by will, and
   the power not being exercised as to the third, it did not vest in her
   heirs.

This action was brought by the executor of John B. Doub,
deceased, for a construction of the will, the devisees and leg-
atees (who were also the heirs at law and next of kin) of the
testator, and the heirs at law and next of kin of Minerva S.
Doub, the deceased widow of the testator, being made par-
ties defendant. The disposing clauses of the will are set
out in the opinion of Associate Justice BURWELL.

The defendants (heirs at law of Minerva S. Doub, who died
intestate after the testator) contended that they were entitled
under the will of John B. Doub to one-third of the real and
personal property disposed of by his will.

Upon the hearing, at Spring Term, 1893, of FORSYTH
Superior Court, his Honor, *Winston, J.*, adjudged as follows:

"That under said will of John B. Doub his widow, Minerva
S. Doub, took a life-estate in all the personalty, with the

22

power of disposing of one-third of the same during her life. That as she failed to make any disposition thereof, said property goes under said will to the heirs of the testator's brothers and sisters, by which is meant under the statute their children, and that said children take per capita and not *per stirpes.*"

From this judgment the next of kin of Minerva S. Doub appealed, claiming that said Minerva took a fee simple estate under said will to one-third of the estate of said testator.

*Messrs. Eller & Starbuck,* for plaintiff.

*Messrs. E. B. Jones* and *Watson & Buxton,* for defendants (appellants).

BURWELL, J.: The appellants are the next of kin of Minerva S. Doub, whose husband, John B. Doub, by his will directed that all his estate, consisting of real and personal property, should be given unto his wife during her natural life, and in the third item of his will said: "It is my will that after the death of my wife, Minerva S. Doub, my estate shall be equally divided between the heirs of my brothers and sisters, with the exception of one-third of my estate, which I leave at the disposal of my wife, Minerva S. Doub, to be left as she may will." The testator thus gave to his wife an estate for life in all his property, and the power to dispose of one-third of it by will. She failed to exercise that power. Her estate in the whole property was distinctly and unequivocally limited by her life. There are no words in the will that in any way enlarge that estate, or enhance her rights in the property while she lived.

"A devise of an estate, generally or indefinitely, with a power of disposition over it, carries a fee. But where the estate is given for life only, the devisee takes only an estate for life, though a power of disposition or to appoint the fee by deed or will be annexed, unless there be some manifest

and general intent of the testator, which would be defeated by adhering to the particular intent. Words of implication do not merge or destroy an express estate for life, unless it becomes absolutely necessary to uphold some manifest general intent." *The Church* v. *Disbrow*, 52 Penn. St., 219.

This rule of interpretation has been approved by this Court in *Bass* v. *Bass*, 78 N. C., 374; *Patrick* v. *Morehead*, 85 N. C., 62, and other cases.

We find in this will no words that either expressly or by implication manifest any general intent that would be defeated by adhering to the particular intent so clearly expressed, that his wife should have only an estate for life. She was not to be allowed to consume any part of the corpus of the fund. Had that right been conferred upon her, it would be inconsistent with the notion that a life-estate only was given. *The Church* v. *Disbrow, supra*. The testator did not direct that one-third of his estate should, upon the death of his wife, go to whomsoever she should think proper to make her heir or heirs, in which event it might be said, perhaps, as in *Sherer* v. *Sherer's Executor*, 1 Wash., 266 (1 Am. Dec., 460), that the wife by suffering her legal representatives to succeed her, actually made them her heir or heirs, as much so as if she had pointed them out by an express devise. Hence this case must be added to that line of cases which, as was said in *Sherer* v. *Sherer, supra*, tend to prove " that an express estate for life to the wife, with a power to dispose of the fee, shall not turn her estate for life into a fee."

What has been said disposes of the only question brought before us by this appeal.

Affirmed.