SADDLER GILLESPIE et al. v. R. W. ALLISON et al.

*Partition—Life   Estate—Estate   Durante   Viduitate—*
*Present   Value.*

Chapter 214, Acts of 1887, extending to remaindermen in all cases of life estate with remainder over, the privilege of partition during the existence of the life estate given by Section 1909 of *The Code*, does not apply to an estate *durante viduitate* as there is no practicable rule by which the present value of such estate can be determined ; hence, where land to which an estate *durante viduitate* attached, was sold for partition under authority of this Court (115 N. C., 542) and the proceeds are in custody of the court below, they cannot be divided among the widow and the remaindermen, against the will of the remaindermen, but will remain real estate until partition can be made at the termination of the estate *durante viduitate*.

This was a SPECIAL PROCEEDING for the partition of certain real estate in the proceedings described.

The defendants denied the right of the plaintiffs to partition, owing to the existence of an estate, during the widowhood of Alice Owens, in the realty. In 1894 *Judge Winston* rendered a decree in the case, ordering a sale for partition and among other things adjudged as follows :

"The Court is further of the opinion and adjudges that the widow is not entitled to have the value of her life estate determined and paid to her in cash, but that she is entitled only to the interest on the value of her life estate, to be received and paid to her annually. The fund arising from such sale the commissioner will pay into court, and the same will be invested and secured to said widow and

remaindermen in such manner and with such safeguards as the court shall decree and deem wisest and best for all the parties to this proceeding."

From this decree the defendants alone appealed to the Supreme Court. The plaintiffs made no exception to it, and did not appeal. (See *Gillespie* v. *Allison*, 115 N. C. R., 542.)

The defendants in the appeal contended that, as their rights accrued prior to 1887, to-wit, in 1866, the Act of 1887, chapter 214, was not applicable to this case.

This Court affirmed the judgment of the Superior Court, holding, among other things, that the Act of 1887 was applicable to this case.

At June Term, 1895, of Mecklenburg Superior Court, his Honor, *W. S. O'B. Robinson*, rendered a decree, in which he directed "the proceeds of the sale of the said real estate, when collected by the commissioner, to be paid to the Clerk of the Superior Court, to be by him invested upon bonds secured by deeds in trust upon real estate in the city of Charlotte of sufficient value to secure the repayment of the loans so made by him, said loans to bear the highest interest allowed by law, and that the clerk collect the interest on such loans and pay the same to the plaintiff, Alice Owens, or to her assignee, during the life or widowhood of the said Alice Owens. And upon her marriage or death the corpus of the fund be paid to the parties entitled thereto according to their interest."

*Messrs. Clarkson & Duls*, for plaintiffs (appellants).

*Messrs. Geo. E. Wilson* and *Burwell, Walker & Cansler*, for defendants.

FAIRCLOTH, C. J.:   This was a petition to sell land for partition, and under authority of this Court, 115 N. C., 542, the lands have been sold and the proceeds are now in

117—33

custody of the court.   By certain devises, Alice B. Owens became the owner of the land during her life or widowhood, and upon the happening of either event the possession of the land vested in the other parties to this action in remainder and as tenants in common, proportional to their several rights.   The widow and some of the remaindermen now pray the court to have the present value of the several estates ascertained, including the value of the estate of the widow for life, and that the amounts so ascertained be paid to the several parties in severalty and absolutely, the widow offering to give solvent bonds to refund, in the event of her marriage, the amount to which she would not be entitled in the event of such marriage.   The other remaindermen resist the motion, and the sole question is, have we the power to grant it?

At common law, tenants in common in remainder or reversion could not have partition during the existence of a widow's dower estate, because the requisite of possession was wanting.   *Wood* v. *Sugg*, 91 N. C., 93.   The right of remaindermen to have partition, whilst a dower estate is outstanding, was given by Statute (*Code*, Sec. 1909) by allowing the widow to take her share, estimated during the probable period of her life, in severalty and absolutely. This privilege was extended in all cases of a life estate and remainders over, by Act of 1887, Ch. 214.   The life estate of the widow in this case is *contingent*, by reason of the condition annexed, which would defeat it before its natural termination, and we are not aware of any practicable rule by which to find the present value of an estate *durante viduitate*.   The Act of 1887, Ch. 214, does not embrace such an estate, and we see no common law or statutory authority to grant the motion against the will of the remaindermen.   The proceeds of the sale remain real estate until partition is made.

Affirmed.