GEORGE MAKELY ET AL. v. LUELLA MAKELY SHORE ET AL.

(Filed 20 February, 1918.)

1. **Wills—Lands—Power of Disposition—Vested Interests—Division.**

A devise of lands to testator's wife, with complete control during her life, with power to sell for division among their named children, with discretionary power in the wife to give any child's share to the children of such child, reserving a support for such child for life, expressing a doubt as to the future of two of them; that she may sell and convey such lands as she needs for her own support; and with the testator's preference that most of the land be sold for a fair price with certain reservation of a small tract under certain conditions; *Held,* in an action for partition by two of the children against the others and their mother, the plaintiffs have no vested interest in the land.

**2. Same—Contingent Interest—Statutes.**

  Where lands are devised to the wife for life, giving her control thereof
  with the power to sell, pay testator's debts, use such as she may require,
  divide the proceeds among the children, with further power of appoint-
  ment, Revisal, sec. 2508, allowing an interest in reversion to be sold dur-
  ing the life of the first taker, has no application, for such would defeat
  the intention of the testator as to the powers expressly conferred upon
  the wife by his will.

APPEAL by plaintiff from *Bond, J.,* at chambers in Edenton, 17 No-
vember, 1917; from HYDE.

This is a petition for partition heard before the Clerk of the Superior
Court of Hyde, who dismissed the petition. Upon appeal, this judgment
was affirmed by *Bond, J.,* at chambers in Edenton, 17 November, 1917,
and the petitioners appealed.

*Small, MacLean, Bragaw & Rodman, Harry McMullan, Ehringhaus
& Small, Spencer & Spencer, and S. S. Mann for petitioners.*
*Pruden & Pruden and Ward & Thompson for defendants.*

CLARK, C. J. Metrah Makely died leaving an estate, estimated at
$300,000, which he disposed of by the following will, which was duly
admitted to probate, and which is not contested:

"I, Metrah Makely, Senior, do make this my last Will and Testament;
I give, bequeath, and devise all my property of every kind to my beloved
wife, Mary, to have complete control of during her life, to sell to pay
any just debts of mine, or to sell to divide among her children, George,
Metrah, Luella, Alice, and Agnes, to be divided equally between them.
In the event my wife should be of opinion that it would be to the in-
terest of the grandchildren to give any share to the said grandchild and
not to the said heirs, or child, said heir or child is to have his or her
support from said property as long as he or she lives, but no right to
sell or in any way to dispose of the said property and leave their child
destitute.

"I am afraid of our two sons, George and Metrah, but hope that they
will come around all right.

"My wife is to take said property, what she needs for her support and
to sell and make a deed for the said property, as if it were her own and
without being required to give a bond. I prefer that the most of the
land be sold, where it can be sold at a fair price. The piece of the Don-
nell Farm, the Blount tract; if it can be retained for George or his
children without injuring the sale of the balance, I prefer it to be
retained and charge what is worth to that share.

"In witness whereof, I have hereunto signed and sealed this instru-
ment and declared the same as and for my last will at Edenton, North
Carolina, on this first day of March, 1911.

                                        METRAH MAKELY, SR.   (Seal)"

This action is brought by the two sons, George and Metrah, against their three sisters and mother for partition.

The clerk properly dismissed the action for under the will the plaintiffs have no vested right to any share in the property. The will not only gives the property to the wife for her life with "complete control" to sell and divide the same, but gives her the right to appoint the property to the grandchildren instead of to the children, subject only to giving the children a "support" from the property.

The language is: "In the event my wife should be of the opinion that it would be to the interests of the grandchildren to give any share to said grandchild and not to the said heirs or child, said heir or child is to have his or her support from said property as long as he or she lives, but no right to sell or in any way dispose of said property and leave their child destitute." This immediately follows and qualifies the preceding sentence, which authorizes her "to have complete control during her life" to sell to pay debts or to sell and divide the property among the five children equally. There is a further provision in the will that the wife can take what property she needs for her support and "to sell and make a deed for the property as if it were her own."

It is clear from the face of the will that the plaintiffs Metrah and George do not (and, in fact, none of the children) have any interest in the property entitling them to a partition. But the power of appointment is placed in the decedent's widow, who can give what would be the share of any child to the grandchildren if in her judgment this should be done. The doubt expressed by the testator as to the two sons (the plaintiffs) indicates why this discretion and power of appointment were vested by the will in the testator's widow.

It is true that by section 2, ch. 214, Laws 1887, now Revisal 2508, an interest in reversion may be partitioned or sold for partition, subject to the possession of the life tenant, *Baggett v. Jackson,* 160 N. C., 26; but it is apparent from this will that the devise to Mary M. Makely is not merely the devise of a life estate, but with it there is the power of appointment as to the estate itself. It is true, the estate must be divided equally, but it is left to her discretion whether any of the shares at all shall go to the children or whether any share shall go, instead, to the grandchildren. The testator very justly provides, however, that in case the widow shall allot any share to the grandchildren, the child shall have a "support" from said property as long as she or he lives. How much such support should be is not stated, but should be reasonable. The question whether the plaintiffs are receiving this is not raised and cannot be raised in this proceeding. This devise is not merely for a life estate, but a life estate with the power of appointment. *Chewning v. Mason,* 158 N. C., 578; *Herring v. Williams,* 153 N. C., 231; *Parks v.*

*Robinson,* 138 N. C., 269; *Troy v. Troy,* 60 N. C., 624; *Stroud v. Morrow,* 52 N. C., 463. Revisal, sec. 2508, does not give the right of partition in an estate of this kind where the plaintiffs are not given any right in the realty or other property beyond the right to a support therefrom. *Gillespie v. Allison,* 117 N. C., 512.

Proceedings for partition of lands cannot be maintained where the plaintiff has no vested interest but only a contingent interest determinable on the death of the life tenant who is still living. *Vinson v. Wise,* 159 N. C., 655; *Aydlett v. Pendleton,* 111 N. C., 28. Still less is there such right when, as here, the life tenant is given complete control with power to take such property as she needs for her own support, with power to sell to pay his debts or to make an equal division among the children and with power to give any child's interest to the grandchildren, charged only with the support of the child. A partition of the realty by order of the court would take from her all these powers which she is given by the will. She is still living and vested by the will with these powers.

The petition was properly denied and the proceeding dismissed.

Affirmed.