CAROLYN BALLENTINE ELLIOTT AND REBECCA BALLENTINE v. BESSIE B. BALLENTINE, LYNTON YATES BALLENTINE, AND JULIUS W. PHOENIX, JR.

No. 7010SC84

(Filed 6 May 1970)

**Wills § 34—   petition for accounting of devised property — remaindermen — life tenant — demurrer**

Plaintiffs, who are remaindermen under a will, failed to allege sufficient facts to entitle them to findings (1) that the life tenant under the will is a trustee of the property for herself and the remaindermen and (2) that the plaintiffs are entitled to an accounting of the property from the life tenant; therefore, the trial court erred in overruling the life tenant's demurrer to the complaint.

CAMPBELL and PARKER, JJ., concurring in the result.

APPEAL from *Bone, E.J.,* November 1969 Civil Term, WAKE County Superior Court.

This is an action instituted by the plaintiffs under the Uniform Declaratory Judgment Act seeking a declaration of rights and liabilities of the parties under the will of L. Y. Ballentine.

Under the terms of the will the defendant, Bessie B. Ballentine, widow of the testator, was given certain property as follows:

"SECOND: I give, devise and bequeath to my wife, BESSIE B. BALLENTINE, for the term of her natural life all property of every kind and description of which I may die seized and possessed; with full power in her if in her judgment it is necessary and desirable to dispose of any or all of said property, to sell and convey the same absolutely and in fee simple by Deed or Bill of Sale or if in her judgment it is desirable to do so, she is hereby empowered to encumber the same by mortgage or deed of trust, all without order from any Court.

\*       \*       \*

"FIFTH: Upon the death of my said wife . . ., then I give, devise and bequeath said property or so much thereof as may not have been disposed of by my said wife under the power of disposition contained in Paragraph 2 hereof absolutely and in fee simple to my three children, Rebecca B. Scoggin, Lynton Yates Ballentine, Jr., and Carolyn Ballentine, and my stepson, Julius W. Phoenix, Jr., share and share alike. If either be left not living but with issue surviving, then the issue shall take the part of the deceased parent. If either should then be not living

and have no issue then surviving, then the part of the one then not living shall be divided among the survivors or their issue."

On 8 July 1969 the plaintiffs, two of the children of the testator, L. Y. Ballentine, instituted this action praying:

"1. That a declaratory judgment be entered that Bessie B. Ballentine holds all the property passing under the will of L. Y. Ballentine and proceeds of the sale or other disposition of said property in trust for herself as life tenant, with a power of disposition; and further that she holds the remainder after her life estate in said property and in the proceeds of the sale or other disposition of said property in trust for Rebecca Ballentine, Lynton Yates Ballentine, Jr., Carolyn Ballentine Elliott, and Julius W. Phoenix, Jr., or their surviving issue; all in accordance with Paragraph 2 and Paragraph 5 of the will of L. Y. Ballentine as set forth above.

"2. That the defendant Bessie B. Ballentine be directed by this court to provide the plaintiffs within thirty days from the entry of judgment in this cause a statement setting forth in total dollar figures the then current assets in her possession which are held under the terms of the said will of L. Y. Ballentine, with an inventory of such assets as held in the form of real estate, stocks, bonds, cash and tangible personal property, briefly describing them, and if such assets are subject to any outstanding liabilities, stating the amount thereof by items, and in the statement of assets accounting for the disposition of each item of property originally passing to the defendant Bessie B. Ballentine under the said will of L. Y. Ballentine and for the disposition of every item of property or sum received in any sale or exchange of such original property and for the disposition of all the interest, rents and profits accruing to any property held under the said will, so that all property held by the defendant Bessie B. Ballentine under said will may be identified and properly segregated from all property held by her as absolute owner; and further that she be directed to provide a like statement to the plaintiffs annually by July 1 of each calendar year, commencing with July 1, 1970."

On 8 August 1969 the defendants demurred to the complaint on the grounds that it does not state a cause of action and that there was a misjoinder of parties and causes of action. After hearing, judgment was entered on 17 November 1969 overruling the demurrer. From the entering of the judgment the defendants appealed.

*Maupin, Taylor and Ellis, by Armistead J. Maupin, for the appellants.*

*Sanford, Cannon, Adams and McCullough, by Hugh Cannon and E. D. Gaskins, Jr., for the appellees.*

HEDRICK, J.

The appellants bring forward on this appeal two assignments of error: (1) Did the court err in holding that there was no defect of parties and causes and (2) did the court err in holding that the complaint alleged a genuine controversy under the Declaratory Judgment Act?

[1]    G.S. 1-254 provides that any person who has an interest "under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected . . . ." may have any question of construction determined and obtain a declaration of rights, status, or other legal relations thereunder. In actions under the Declaratory Judgment Act all persons who have or claim any interest which would be affected by the declaration must be made parties. G.S. 1-260; 3 Strong, North Carolina Index 2d, Declaratory Judgment Act, § 2. The parties in the present action were proper parties within the terms of the Declaratory Judgment Act.

[2, 3]    The office of a demurrer is to test the sufficiency of a pleading, admitting the truth of factual averments well stated and all relevant inferences of fact as may be deduced therefrom. "Demurrers in declaratory judgment actions are controlled by the same principles applicable in other cases. Even so, it is rarely an appropriate pleading to a petition for declaratory judgment." *Machine Co. v. Newman,* 275 N.C. 189, 166 S.E. 2d 63 (1969). However, demurrers are proper pleadings and should be sustained where the record is plain that no basis for declaratory relief exists, as where no actual controversy is alleged. 22 Am. Jur. 2d, Declaratory Judgments, § 91.

In *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404 (1949), Ervin, J., speaking for the Court, said:

"There is much misunderstanding as to the object and scope of this legislation [the Uniform Declaratory Judgment Act]. Despite some notions to the contrary, it does not undertake to convert judicial tribunals into counsellors and impose upon them the duty of giving advisory opinions to any parties who may come into court and ask for either academic enlightenment or practical guidance concerning their legal affairs. (Citations

omitted). This observation may be stated in the vernacular in this wise: The Uniform Declaratory Judgment Act does not license litigants to fish in judicial ponds for legal advice.

\*          \*          \*

"While the Uniform Declaratory Judgment Act thus enables courts to take cognizance of disputes at an earlier stage than that ordinarily permitted by the legal procedure which existed before its enactment, it preserves inviolate the ancient and sound juridic concept that the inherent function of judicial tribunals is to adjudicate genuine controversies between antagonistic litigants with respect to their rights, status, or other legal relations. This being so, an action for a declaratory judgment will lie only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute. (Citations omitted)."

In the case of *Brandis v. Trustees of Davidson College,* 227 N.C. 329, 41 S.E. 2d 833 (1947), the proceeding was instituted to have determined the validity of an attempt to sell part of the trust property for the benefit and preservation of the trust. The court said:

"While proceedings under Art. 26 of the General Statutes — Declaratory Judgments — have been given a wide latitude, *Insurance Co. v. Wells,* 225 N.C., 547, 35 S.E. (2d), 631; *Johnson v. Wagner,* 219 N.C., 235, 13 S.E. (2d), 419, nevertheless they are not without limitation, and it can hardly be said the court is expected to lend its general equity jurisdiction to such proceedings. 16 Am. Jur., 291. The purpose of the statutory enactment is to grant 'declaratory relief' and remove uncertainties when properly presented. G.S. 1-256; *Light Co. v. Iseley,* 203 N.C. 811, 167 S.E., 56; *Walker v. Phelps,* 202 N.C., 344, 163 S.E., 726."

[4]    It is not our duty in this opinion to undertake to construe the provisions of the will of the testator, L. Y. Ballentine; however, we will consider the allegations contained in the complaint in order that we may determine whether they are sufficient to entitle the plaintiffs to declaratory relief. The plaintiffs have not alleged that the defendant, Bessie B. Ballentine, holds the property she received as a life tenant under the will as trustee for the remaindermen. They have alleged that she holds the property as life tenant with a power of disposition and that certain property has passed into her hands as life tenant. They further allege that they are entitled to an immediate accounting and an inventory of the assets and liabilities which constitute that property and an annual accounting thereafter. In their

prayer for relief they ask that the defendant be declared a trustee of the property for herself and the remaindermen.

In *Howell v. Alexander*, 3 N.C. App. 371, 165 S.E. 2d 256 (1969), not a case involving a declaratory judgment but one cited by the appellee, the court was asked to construe the provisions of a will which were similar to the provisions involved in the present case. Plaintiffs brought an action to impose a constructive trust on property subject to a remainder interest which property was being held by a life tenant. The evidence revealed that the life tenant had broad powers of disposition and that she had exercised her powers to acquire fee simple title in her own name to certain other property by using the proceeds from property subject to the remainder interest. The court stated that although she had the "unbridled discretion to subject the entire estate to her own use during her lifetime, even to the extent of a complete dissipation of the estate, she cannot take title in herself to the exclusion of the interest of the remaindermen." The court then held that a constructive trust could be imposed on the remaining portion of the property. In the present case, the plaintiffs have not alleged that the defendant has tried to take title in herself to the exclusion of their interests. They have only alleged that the defendant is a life tenant, that she has received property under the terms of the will, and that they are therefore entitled to an accounting and an inventory of the property. There are no allegations in the complaint which would give the court jurisdiction of this matter. No justiciable controversy has been alleged and there has been no showing that the defendant holds the property in a fiduciary relationship. Until a fiduciary relationship has been established the plaintiffs are not entitled to ask for an accounting of the property now held by the defendant. Before the plaintiffs may obtain a declaratory judgment they must show the existence of the conditions upon which the court's jurisdiction may be invoked. *Tryon v. Power Co.*, 222 N.C. 200, 22 S.E. 2d 450 (1942).

Since no justiciable controversy has been alleged in the complaint filed by the plaintiffs, the judgment of the court below overruling the defendants' demurrer is reversed, plaintiffs' allegations being insufficient to entitle them to a declaratory judgment.

Reversed.

CAMPBELL and PARKER, JJ., concurring in the result:

The assertion by the plaintiffs that this action is brought under the Uniform Declaratory Judgment Act does not make it so. It is obvious that the case seeks an accounting from Bessie B. Ballentine

as though she were a trustee. Plaintiffs failed to establish any trust, and there are no allegations establishing any wrongdoing on the part of Bessie B. Ballentine. The allegations in the complaint are insufficient to entitle the plaintiffs to the relief requested and fail to state a cause of action. We concur in the result that the judgment of the trial court should be reversed.