GAITHER M. KEENER, JR., ORA MARIE BOST KEENER, Petitioners v. TAL-
MAGE ROWE KORN & wife, MAGGIE KORN; DOLLY EDITH KORN POPE
& husband, FRED POPE; WILLIAM TOLEDO KORN, JR. & wife,
MARGARET KORN; QUEDA VIRGINIA KORN LANEY & husband, FRED.
LANEY; TORY DALE KORN & wife, RAYNELL M. KORN; AVIS LOUISE
KORN (Single); W. T. KORN, SR. (Widower); GRACE DARE BOST BARR-
INGER & husband, JOE BARRINGER; MARILYN LUCILLE BOST TURNER
& husband, J. T. TURNER, SR.; JULIA CATHERINE HOYLE PEACOCK &
husband, VERNON E. PEACOCK; GEORGIA MELDONA HOYLE WRIGHT
(Widow); MARY JANE HOYLE POWELL & husband, LAVERN T. POWELL;
JOHNSIE MAY BOST McKEE (Divorced); ERNEST WILLIAM BOST &
wife, BERNICE BOST; JOSEPH HARBIN BOST & wife, FLOY BOST;
CATHERINE E. BOST ABERNATHY (Widow); GAITHER M. (DONALD)
KEENER, SR.; WANDA KEENER BOST (Widow); ALVA LEONA BOST
(Single); VIRGINIA COLEEN BOST McINTYRE; BETTY ELLEN BOST
(Single); JEROLD MONROE BOST & wife, WILLI JEAN BOST; DEWEY
TATE BOST & wife, GLORIA JEAN BOST; CLYDE BANDY BOST & wife,
JEANETTE E. BOST; CAROL EVELYN BOST GLOVER (Divorced);
JOSEPHINE ALICE BOST JACKSON & husband, LAWRENCE FRANKLIN
JACKSON; ROBERT STEWART BOST & wife, ANN L. BOST, Respondents

No. 7925SC680

(Filed 15 April 1980)

1. **Wills §§ 34.1, 40— devise by implication of life estate with power of disposition**
    Testator by implication devised a life estate in his farm to his wife with a
    power of disposition where one item of the will provided that "after the death
    of my wife . . . all of my property *remaining* . . . shall be divided equally
    among my children," and another item of the will gave the wife a life estate in
    the farming tools and equipment.

2. **Partition § 1.2— life tenant with right of disposition—no right to partition**
    A partition proceeding cannot be maintained where a life tenant of the
    land sought to be partitioned has a power to dispose of such land. G.S. 46-23.

3. **Taxation § 41— foreclosure of tax lien—extinguishment of lien—payment of
    attorney fees**
    The statute requiring that attorney fees be paid before a tax lien is ex-
    tinguished, G.S. 105-374(e), applies only to actions by taxing units and not to
    actions by private citizens, and the trial court properly concluded that peti-
    tioners' tax lien was extinguished where the tax plus interest was paid into

court by respondents and the court ordered respondents to pay attorney fees incurred by petitioners in the tax foreclosure proceeding.

**4. Costs § 3.2; Taxation § 41— partition and tax foreclosure proceeding—attorney fees—costs**

In a partition and tax foreclosure proceeding, the trial court did not err in awarding a fee of $150 to the male petitioner's attorney for his services in the enforcement of the male petitioner's tax lien, in requiring that attorney fees be paid by the female petitioner and respondents, and in taxing the remaining costs to petitioners.

APPEAL by petitioners from *Thornburg, Judge.* Order entered 11 June 1979 in Superior Court, CATAWBA County. Heard in the Court of Appeals 4 February 1980.

L. Tate Bost died 2 January 1956, leaving a widow, Wanda Keener Bost, seventeen children, and a will which was duly probated and recorded in Catawba County. Among the assets of his estate is a tract of land described in a deed recorded in Book 80, page 79, in the office of the Register of Deeds for Catawba County.

Petitioners, who are husband and wife, bring this proceeding to enforce a tax lien and for a sale of the property by partition. They allege that the feme petitioner is a child of the testator and a tenant in common in the land formerly owned by the testator. In open court, the respondents tendered the total amount of the tax lien, including interest, to the petitioners and paid the sum into the office of the clerk of court. On motion for summary judgment, the trial judge examined the pleadings, affidavits, the will of the testator, and heard arguments of counsel. He made findings of fact, conclusions of law, and entered judgment dismissing the proceeding without prejudice to its reinstatement after the death of Wanda Keener Bost, who was adjudged to be a life tenant. The judgment further provided for payment of attorney fees and costs, and cancellation of a lis pendens of record. The petitioners appealed.

*Max Ferree, by George G. Cunningham; and Gaither M. Keener, Jr., for petitioner appellants.*

*Williams, Pannell & Lovekin, by Richard A Williams and Richard A. Williams, Jr.; Lefler, Gordon & Waddell, by Robert A. Mullinax; and Gaither & Wood, by Allen Wood III, for respondent appellees.*

HILL, Judge.

[1] Petitioners argue in their first assignment of error that the trial court erred by determining that Wanda Kenner Bost owned a life estate in the *locus in quo* and by failing to determine correctly the respective interests of the parties in said property. Petitioners contend that the will creates a fee simple estate in the testator's children with each child's share defeasible if that child predeceases testator's widow without having conveyed the real property.

Petitioners rely on G.S. 31-38. The statute provides:

When real estate shall be devised . . . the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, or it shall be plainly intended by the will, or some part thereof, that the testator intended to convey an estate of less dignity.

The presumption established by this section that a devise of land shall be construed in fee gives way to the intent of the testator as gathered from the proper construction of the instrument as a related whole. *Roberts v. Saunders*, 192 N.C. 191, 134 S.E. 451 (1926). (Construing earlier law C.S. 4162.)

Item Four of the will provides:

*After the death of my wife*, it is my will that all of my *property remaining, both real and personal*, shall be divided equally among my children, share and share alike, with the children of any deceased children to take their parents' share. (Emphasis added.)

It is this section to which our principal attention is directed, but we look at Item Two for some direction as to the testator's intent. Item Two provides *inter alia*:

I give, devise, and bequeath unto my wife, Wanda K. Bost, all of my household and kitchen furniture, *farming tools* and equipment, and stock and provisions on hand, *for and during the term of her Natural Life only.* (Emphasis added)

There is no specific devise of the real estate to the widow in this case. No technical words of conveyance are required in wills. *Alston v. Davis*, 118 N.C. 202, 24 S.E. 15 (1896). Item Four of the

will, however, provides for final disposition of testator's property
"... *remaining, both real and personal,* ... [a]fter the death of my
wife." (Emphasis added.)

Justice Walker in the well reasoned opinion of *Whitfield v.
Garris,* 134 N.C. 24, 26, 45 S.E. 904 (1903), says,

> It is also said that an estate by devise may pass by implica-
> tion, without express words to direct its course; but where
> an implication is allowed, it must be raised by a necessary or
> at least a highly probable and not merely a possible implica-
> tion.

Lord Mansfield, in referring to the subject, said that a necessary
implication is one which leaves us no room for doubt. It is not an
implication upon conjecture. We are not to conjecture what the
testator would have done in an event he never thought of. *Whit-
field, supra,* at 27.

When we read Item Two of the will in conjunction with Item
Four, the probability of the testator's intent falls into place. Item
Two gives a life estate in the farming tools and equipment. Item
Four disposes of the 62 acres of land *remaining after the death of
testator's wife.* A life estate in the farming tools and equipment
would be of little or no value if the 62-acre farm passed to the
seventeen children immediately upon testator's death, subject to
division at that moment into seventeen parcels. It is the opinion
of this Court that testator intended his widow to have a farming
unit, composed of both land and farm tools and equipmet from
which she could make a living so long as she lived.

We agree with the conclusions of the trial judge that Wanda
Keener Bost is the owner of a life estate in the real property.

By their next assignment of error, the petitioners contend
that the court erred by decreeing the lands could not be parti-
tioned or sold until after the death of Wanda Keener Bost. Peti-
tioners contend that even if the widow owns a life estate, the
remaindermen would be entitled to a sale of partition of the
remainder interest, and cite G.S. 46-23 as authority for their posi-
tion. That statute provides for such a sale when a life estate en-
cumbers the property. Respondent contends, however, that her
life estate is coupled with a power of disposition. Again, we must
construe the will to determine the validity of this contention.

Item Four of the will provides that ". . . all of my property *remaining* . . . shall be divided equally among my children . . . ." (Emphasis added.) Applying the principles of construction set out in *Whitfield, supra,* we must conclude that the testator gave by implication a power of disposition to his widow.

In *Hambright v. Carroll,* 204 N.C. 496, 498, 168 S.E. 817 (1933), the Court said: "The phrase 'what remains of her share' carries the connotation that nothing may remain; and this implies an unrestricted power of disposition." In the case *sub judice,* use of the word *remaining* carries the same connotation and implies the same power.

Generally, "[w]here real estate is given absolutely to one person with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void . . . ." *Carroll v. Herring,* 180 N.C. 369, 371, 104 S.E. 892 (1920). The first taker would take a fee. Here, however, where the estate devised is specifically limited to the life of the devisee, the power of disposition does not enlarge the estate devised or convert it into a fee. *Long v. Waldraven,* 113 N.C. 337, 18 S.E. 251 (1893); *Roane v. Robinson,* 189 N.C. 628, 127 S.E. 626 (1925); *Hardee v. Rivers,* 228 N.C. 66, 68, 44 S.E. 2d 476 (1947); *Howell v. Alexander,* 3 N.C. App. 371, 377, 165 S.E. 256 (1969). The devisee of the power may exercise it under the terms and within the limitations contained in the will and when so exercised by deed sufficient in form and substance to convey the whole estate in the land therein described, the grantee takes an indefeasible fee. *Troy v. Troy,* 60 N.C. 624, 626-7 (1864).

[2] Proceedings for partition of lands cannot be maintained where the life tenant has complete control and a power to dispose such as the life tenant has in this case. *See Makely v. Shore,* 175 N.C. 121, 124, 95 S.E. 51 (1918), where the life tenant was given complete control with power to dispose of her life estate for her own support. The Court there stated that "[a] partition of the realty by order of the court would take from her all these powers . . .," and denied the request for partition. The case *sub judice* is similar. The power of sale granted the life tenant by implication creates an exception to the right of partition set out in G.S. 46-23. Accordingly, we find no merit in petitioners' second assignment of error.

Petitioners assign as error the court's conclusion that the personal representative of W. T. Korn Sr., must be made a party to this action. Initially, W. T. Korn Sr. was joined as a party. He subsequently died. Petitioners contend that the interest of Clare Edith Bost Korn passed to her children under the will and not to her husband, W. T. Korn Sr. (now deceased). Further, the petitioners contend that W. T. Korn Sr. failed to answer the original petition within the time prescribed by law and that his estate is now estopped from making a claim.

G.S. 28A-18-1(a) provides:

> Upon the death of any person, all . . . rights to prosecute or defend any action or special proceeding, existing in favor of or against such person . . . shall survive to and against the personal representative or collector of his estate.

In view of the authority given in the statute and the discretion of the trial judge to extend the time within which a party can answer, we fail to see how a ruling determining the personal representative of W. T. Korn Sr. to be a proper party is reversible error. The personal representative of a deceased party might not be a necessary party, but he certainly might well be a proper party. Here, the inclusion of W. T. Korn Sr. served to remove any cloud on the title. Petitioners were not prejudiced, and their assignment of error is overruled.

[3] Petitioners assign as error the court's conclusion that the tax lien of Gaither M. Keener Jr. was extinguished. It is evident that the total tax plus interest was paid into court by respondents. The court ordered respondents to pay to petitioners attorney fees incurred in the tax foreclosure proceeding. This was all the court was required to do. Petitioners argue that respondents, pursuant to G.S. 105-374(e), have the burden of actually paying the attorney fees before the lien is extinguished. A study of the subsection shows that its benefits apply only to taxing units, not private citizens such as the petitioners. The assignment of error is without merit and overruled.

Petitioners also assign as error the court's cancellation of the notice of lis pendens. As we have stated above, the tax lien was properly extinguished. It was proper for the trial court to extinguish the lis pendens notice.

---

---

**[4]** Finally, we are not impressed with the petitioners' argument that the court erred by failing to award sufficient attorney fees to petitioners, by improperly allocating attorney fees, and by taxing the remaining court costs to petitioners. This is a discretionary matter in both the tax foreclosure and the partition proceedings. G.S. 105-374(i) provides *inter alia*:

> The word 'costs' as used in this subsection (i) shall be construed to include one reasonable attorney's fee for the plaintiff in such amount as the court shall, in its discretion, determine and allow.

The court awarded $150 to petitioners for services involving the sum of $265.65, which was the amount due under the tax lien, including interest.

G.S. 6-21 provides:

> Costs in the following matters shall be taxed against either party, or apportioned among the parties, in the discretion of the court:
>
> .   .   .   .
>
> (7) All costs and expenses incurred in special proceedings for the division or sale of either real estate or personal property under the Chapter entitled Partition.

The case *sub judice* is a combination of a partition proceeding and a tax foreclosure. Since there is one suit, there is one set of costs. The court, in its discretion, made allowance for payment of attorney fees and all remaining costs. Had the cases been severed, the allocation of costs may have been different. The trial judge acted properly in levying one set of costs as set out in the order.

The order entered by the trial judge is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.